MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RICARDO PEREZ CAMPOS and GERARDO GONZALEZ *individually and on behalf of others similarly situated*,

          *Plaintiffs*,

-against-

QUENTIN MARKET CORP. (d/b/a QUENTIN MARKET), WON KE LEE, SEAN OH, and SUSAN JONG LEE.

          *Defendants*.

---------------------------------------------------------X

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE ANSWER OF THE DEFENDANTS**

**Index No. 16-cv-05303-DLI-RER**

    COLIN MULHOLLAND, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1.    I represent the Plaintiffs RICARDO PEREZ CAMPOS and GERARDO GONZALES ("Plaintiffs"), in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the FLSA and New York Labor Law and regulations.  I submit this affirmation in support of Plaintiffs' application to strike the Defendants' answer and for entering a default judgment against Defendant QUENTIN MARTKET CORP., WON KE LEE, SEAN OH, and SUSAN JONG LEE pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

    2.    Defendants have appeared in this action by counsel but have since defaulted by failing to participate in discovery, failing to obey court orders and failing to participate in discovery or to otherwise defend themselves in this action.

Procedural History

3. Plaintiffs commenced this action by filing the Complaint (and associated documents) on September 23, 2017. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

4. This is an action for unpaid minimum and overtime wages, spread of hours pay, unlawful deductions from tips, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. **See Exhibit 1**, generally, Complaint, for description of the nature of the claims.

5. The Court has subject matter jurisdiction of the Plaintiffs' federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction). *See* Exhibit 1.

6. Inadvertently, counsel for Defendants answered this Complaint on behalf of all Defendants on January 4th, 2017; however, two subsequent amended answers were filed clarifying that counsel only represented and was authorized to Answer for Defendants Quentin Market and Susan Jong Lee on April 14th, 2017 and May 22nd, 2017, respectively. **See Exhibit 2** *Answer*, **3** *First Amended Answer* and **4** *Second Amended Answer*.

7. Defendants Won Ke Lee and Sean Oh never responded or moved with respect to the Complaint nor otherwise appeared in this action.

8. Defendant Won Ke Lee was served on October 21st, 2016 at the actual place of business Quentin Market Corp. 3404 Quentin Road Brooklyn, NY 11234 by service upon a person of suitable age and discretion. **See** **Exhibit 5** *Affidavit of Service for Defendant Won Ke Lee*.

9. Defendant Sean Oh was served on October 21st, 2016 at the actual place of business Quentin Market Corp. 3404 Quentin Road Brooklyn, NY 11234. **See** **Exhibit 6** *Affidavit of Service for Defendant Sean Oh*.

10. Defendants Quentin Market Corp. participated in a mediation session with counsel on April 4, 2017.

11. After an unsuccessful mediation session, counsel for Defendants moved to withdraw his representation. **See** **Exhibit 7** *Letter Motion to Withdraw*.

12. The Court granted the application for counsel to withdraw on May 24th, 2017 and that same day issued an order:

"ORDER: It is hereby ORDERED that the defendants have thirty (30) days from the date of this order to retain new counsel, after which time the corporate defendant will be deemed in default. Discovery is extended until 7/15/2017 and a Status Conferences is set for June 27, 2017 at 2:30 PM in Courtroom 2E North before Magistrate Judge Ramon E. Reyes, Jr. The 6/5/2017 Final Pre-trial Conference is cancelled. Should defendants fail to appear at the conference, whether with counsel or pro se, the Court will issue a recommendation that judgment be entered against them for failing to follow a court order and failure to prosecute. Defendant's former counsel to serve each defendant with a copy of this order and the order on the motion to withdraw 17 within four (4) days and file proof of service on CM/ECF. Ordered by Magistrate Judge Ramon E. Reyes, Jr on 5/24/2017. (Vertus, Miriam) (Entered:

05/24/2017)" **See** **Exhibit 8** *Certificate of Service of Court Order Dispatched to Defendants*.

13. On June 27th, 2017, Plaintiffs appeared by counsel at the conference scheduled by Magistrate Judge Ramon E. Reyes, however no representative from the Defendants arrived nor did the Defendants themselves.

14. Magistrate Judge Reyes ordered a follow-up conference to be held on July 17th, 2017 in an effort to provide the Defendants with a second opportunity to prosecute their defense.

15. On July 17th, 2017, Plaintiff appeared at the conference but Defendants did not.

16. To date, no one has appeared on behalf of the Defendants to defend themselves in this action.

17. "The failure by a corporate defendant to obtain counsel constitutes a failure to defend," warranting the entry of a default judgment." *CAEL TECHNOLOGIES (PVT.) LTD. v. PRECISE VOTING, LLC*, No. CV-01470 (E.D.N.Y. Sept. 26, 2016).

18. A party who fails to appear or defend an action, even after initially interposing an answer, is eligible to be defaulted upon motion whereupon the Clerk of the Court may be directed to strike the Answer and enter a default. **See Id**.

19. Thus, Plaintiff now makes this application to the Court to issue an order directing the Clerk of the Court to strike the Answer of Defendants Quentin Market Corp. and Susan Jong Lee for failure to obey the Court directives to appear at two conferences, to participate in discovery, to retain new counsel for the corporation and to otherwise fail to participate in this action.

20. And, also to strike the Answer of Defendants Sean Oh and Won Ke Lee or to note their default *nunc pro tunc* for failure to Answer at all in light of the error of prior defense counsel in interposing an Answer on their behalf earlier in the case.

21. Proposed orders are attached as **Exhibit 9** and **Exhibit 10**.

22. For the reasons stated above and in the accompanying declarations and exhibits, the Plaintiffs' motion to strike the Defendants' Answer(s) should be granted.

23. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
August 24, 2017

_____
Colin Mulholland, Esq.